IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JOHN ZIEGLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Court No. 2:13-cv-00996-WEC |
| -vs- ) | |
| ) | Magistrate Judge William E. Callahan, Jr. |
| WISCONSIN CENTRAL LTD. ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT WISCONSIN CENTRAL LTD.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AT LAW

Defendant Wisconsin Central Ltd. ("WCL"), by its attorneys and for its answer to the complaint of plaintiff John Ziegler, states as follows:

## COUNT I

1. Jurisdiction of this court is invoked under the provisions of Title 45 U.S. Code §56 and Title 28 U.S. Code §1331.

**ANSWER:** WCL admits only that plaintiff purports to allege that the FELA governs the rights and liabilities of the parties. WCL denies the remaining allegations contained in paragraph 1 of Count I of Plaintiff's Complaint at Law as legal conclusions.

2. This action arises under, and the rights liabilities of the parties to this cause are governed by, the Federal Employers' Liability Act, 45 U.S.C. §51 *et seq*.

**ANSWER:** WCL admits only that plaintiff purports to allege that the FELA governs the rights and liabilities of the parties. WCL denies the remaining allegations contained in paragraph 2 of Count I of plaintiff's Complaint at Law as legal conclusions.

3. At all relevant times, the Defendant Wisconsin Central Ltd. ("WC") was and is a railroad corporation doing business in the State of Wisconsin.

**ANSWER:** WCL admits the allegations contained in paragraph 3 of Count I of Plaintiff's Complaint at Law.

4. At all relevant times, the WC was a common carrier by railroad engaged in interstate commerce.

**ANSWER:** WCL admits the allegations contained in paragraph 4 of Count I of Plaintiff's Complaint at Law.

5. At all relevant times, the Defendant WC owned, managed, maintained, and used, as a part of its railroad system, a switch known as W740 in or around Allenton, Wisconsin.

**ANSWER:** WCL admits the allegations contained in paragraph 5 of Count I of Plaintiff's Complaint at Law.

6. At all relevant times, Plaintiff JOHN ZIEGLER (hereinafter referred to as "Ziegler" or "Plaintiff") was employed by the WC as a railroad conductor.

**ANSWER:** WCL admits the allegations contained in paragraph 6 of Count I of Plaintiff's Complaint at Law.

7. On or around December 17, 2010, Ziegler was working for the WC as a railroad conductor. His assignment on that particular day was to line switches, including switch W740, in and around Allenton, Wisconsin.

**ANSWER:** WCL admits the allegations contained in paragraph 7 of Count I of Plaintiff's Complaint at Law.

8. Ziegler attempted to "throw" the lever of switch W740 in order to line it properly. The lever moved easily about ¾ of the way, when it completely stopped suddenly and became stuck. Ziegler requested help from his engineer, who helped Ziegler to line the switch with a five foot pry bar. Ziegler subsequently told the dispatcher to bad order the switch.

**ANSWER:** WCL admits that Ziegler told the dispatcher to bad order the switch and requested help from his engineer, who did utilize a pry bar. WCL lacks knowledge sufficient in which to form a belief as to truth or falsity of the remaining allegations contained in

paragraph 8 of Count I of Plaintiff's Complaint at Law, and therefore, makes no response thereto, but demands strict proof thereof.

9. Immediately after the switch suddenly stopped, Plaintiff felt a burning pain in his right shoulder.

**ANSWER:** WCL lacks knowledge sufficient in which to form a belief as to truth or falsity of the allegations contained in paragraph 9 of Count I of Plaintiff's Complaint at Law, and therefore, makes no response thereto, but demands strict proof thereof.

10. At all relevant times, it was the continuing duty of WC, as employer, to provide Plaintiff with a reasonably safe to work, to provide reasonably safe conditions in which to work, and to furnish Plaintiff with reasonably safe switching equipment.

**ANSWER:** The allegations contained in paragraph 10 of Count I of Plaintiff's Complaint at Law constitute mere legal conclusions, and, as such, are denied by WCL.

11. The unsafe conditions described above were conditions of which the WC knew, or should have known, upon reasonable inspection.

**ANSWER:** WCL denies the allegations contained in paragraph 11 of Count I of Plaintiff's Complaint at Law.

12. The WC breached said duty to Plaintiff and was careless and negligent in one or more of the following ways, and thereby caused personal injury to Plaintiff.

   a. In failing to exercise ordinary care to furnish Plaintiff with a safe place in which to work;

   b. Failed to warn employees, including Ziegler, that switch W740 was not functioning properly;

   c. Failed to furnish Ziegler with a safe and properly working switch in nor around Allenton, Wisconsin;

   d. Failed to properly inspect, maintain, repair or replace switch W740; and

   e. Was otherwise careless and negligent.

**ANSWER:** WCL denies the allegations contained in paragraph 12 of Count I of Plaintiff's Complaint at Law, including subparts (a) through (e).

13. The WC's failure to provide Plaintiff with a safe place to work by one or more of the foregoing negligent acts or omissions caused, in whole or in part, Plaintiff's injury.

**ANSWER:** WCL denies the allegations contained in paragraph 13 of Plaintiff's Complaint at Law.

14. As a consequence, Plaintiff incurred personal injuries on or around December 17, 2010, which have caused, and will continue to cause him great pain, suffering, inconvenience, anguish and disability; as a further result, Plaintiff has been, and will in the future, be kept from attending to his ordinary affairs and duties, and has lost and will lose great gains which he otherwise would have made and acquired; as a further result, Plaintiff has incurred medical, surgical, physical therapy and related expenses and is reasonably certain to incur further medical, surgical, physical therapy and related expenses in the future.

**ANSWER:** WCL denies the allegations contained in paragraph 14 of Count I of Plaintiff's Complaint at Law.

15. Plaintiff JOHN ZIEGLER demands trial by jury.

**ANSWER:** WCL admits that Plaintiff demands trial by jury.

## AFFIRMATIVE DEFENSES

1. At the time of the occurrence alleged in the complaint and prior thereto, plaintiff was guilty of contributory negligence which caused or contributed to cause the injuries of which he complains and that any recovery by plaintiff is either barred or should be reduced in proportion to plaintiff's own negligence.

2. Plaintiff's complaint fails to state a claim for which relief can be granted.

3. Plaintiff, acting by himself or through his agents and attorneys, has failed to mitigate his damages, if any.

4. Plaintiff's alleged injuries were the result of pre-existing conditions or were the result of the natural and normal aging process and were not attributable to any negligence on the part of Defendant.

5. Plaintiff's alleged injuries and damages were caused, in whole or in part, by pre-existing conditions, or other contributory or concurrent conditions or factors, including events prior or subsequent to the occurrence or occurrences made the basis of plaintiff's claim against Defendant.

6. Plaintiff's claims are precluded by federal law or regulations covering the subject matter of Plaintiff's claim which Defendant fully complied with and Defendant has breached no duty to plaintiff.

7. Plaintiff's claims are barred by collateral estoppel.

8. Plaintiff's claims are barred by judicial estoppel.

9. Plaintiff's clams are barred by the doctrine of election of remedies.

10. Plaintiff's claims are barred by laches.

11. Plaintiff's claims are barred by the doctrine of unclean hands.

WHEREFORE, Wisconsin Central Ltd. denies that plaintiff is entitled to any recovery against it whatsoever, and prays that the Court enter judgment on plaintiff's complaint in its favor and against plaintiff with costs to be awarded as appropriate, and to award such further relief as the Court shall deem appropriate.

## **COUNT II**

16. Jurisdiction of this court is invoked under the provisions of Title 45 U.S. Code §56 and Title 28 U.S. Code §1331.

**ANSWER:** WCL admits only that plaintiff purports to allege that the FELA governs the rights and liabilities of the parties. WCL denies the remaining allegations contained in paragraph 16 of Count II of Plaintiff's Complaint at Law as legal conclusions.

17. This action arises under, and the rights liabilities of the parties to this cause are governed by, the Federal Employers' Liability Act, 45 U.S.C. §51 *et seq*.

5

Case 2:13-cv-00996-WED    Filed 09/24/13    Page 5 of 11    Document 5

**ANSWER:** WCL admits only that plaintiff purports to allege that the FELA governs the rights and liabilities of the parties. WCL denies the remaining allegations contained in paragraph 17 of Count II of Plaintiff's Complaint at Law as legal conclusions.

18. At all relevant times, the Defendant Wisconsin Central Ltd. ("WC") was and is a railroad corporation doing business in the State of Wisconsin.

**ANSWER:** WCL admits the allegations contained in paragraph 18 of Count II of Plaintiff's Complaint at Law.

19. At all relevant times, the WC was a common carrier by railroad engaged in interstate commerce.

**ANSWER:** WCL admits the allegations contained in paragraph 19 of Count II of Plaintiff's Complaint at Law.

20. At all relevant times, WC owned, managed, maintained, and used, as a part of its railroad system, a certain switch in or around Slinger, Wisconsin hereinafter referred to as "the Switch."

**ANSWER:** WCL admits the allegations contained in paragraph 20 of Count II of Plaintiff's Complaint at Law.

21. At all relevant times, Plaintiff was employed by the WC as a railroad conductor.

**ANSWER:** WCL admits the allegations contained in paragraph 21 of Count II of Plaintiff's Complaint at Law.

22. On or around December 29, 2010, Ziegler was working for the WC as a railroad conductor assigned to set out cars in Slinger, Wisconsin which required him to line the Switch. Ziegler cleaned and inspected the Switch points and found them to be free of obstructions. He then tried to throw the Switch, which became stuck and bounced when it was about ¾ of the way over and would not move beyond this point. Ziegler felt a burning pain in his right shoulder immediately after attempting to throw the Switch.

**ANSWER:** WCL lacks knowledge sufficient in which to form a belief as to truth or falsity of the allegations contained in paragraph 22 of Count II of Plaintiff's Complaint at Law, and therefore, makes no response thereto, but demands strict proof thereof.

23. At all relevant times, it was the continuing duty of WC, as employer, to provide Plaintiff with a reasonably safe to work, to provide reasonably safe conditions in which to work, and to furnish Plaintiff with reasonably safe switching equipment.

**ANSWER:** The allegations contained in paragraph 23 of Count II of Plaintiff's Complaint at Law constitute mere legal conclusions, and, as such, are denied by WCL.

24. The unsafe conditions described above were conditions of which the WC knew, or should have known, upon reasonable inspection.

**ANSWER:** WCL denies the allegations contained in paragraph 24 of Count II of Plaintiff's Complaint at Law.

25. The WC breached said duty to Plaintiff and was careless and negligent in one or more of the following ways, and thereby caused personal injury to Plaintiff:

  a. In failing to exercise ordinary care to furnish Plaintiff with a safe place in which to work;

  b. Failed to warn employees, including Ziegler, that Switch was not functioning properly;

  c. Failed to furnish Ziegler with a safe and properly working switch in or around Slinger, Wisconsin;

  d. Failed to properly inspect, maintain, repair or replace the Switch; and

  e. Was otherwise careless and negligent.

**ANSWER:** WCL denies the allegations contained in paragraph 25 of Count II of Plaintiff's Complaint at Law, including subparts (a) through (e).

26. The WC's failure to provide Plaintiff with a safe place to work by one or more of the foregoing negligent acts or omissions caused, in whole or in part, Plaintiff's injury.

**ANSWER:** WCL denies the allegations contained in paragraph 26 of Count II of Plaintiff's Complaint at Law.

27. As a consequence, Plaintiff incurred personal injuries on or around December 29, 2010, which have caused, and will continue to cause him great pain, suffering, inconvenience, anguish and disability; as a further result, Plaintiff has been, and will in the future, be kept from attending to his ordinary affairs and duties, and has lost and will lose great pains which he otherwise would have made and acquired; as a further result, Plaintiff has incurred medical, surgical, physical therapy and related expenses and is reasonably certain to incur further medical, surgical, physical therapy and related expenses in the future.

**ANSWER:** WCL denies the allegations contained in paragraph 27 of Count II of Plaintiff's Complaint at Law.

28. Plaintiff JOHN ZIEGLER demands trial by jury.

**ANSWER:** WCL admits only that Plaintiff demands trial by jury.

## AFFIRMATIVE DEFENSES

1. At the time of the occurrence alleged in the complaint and prior thereto, plaintiff was guilty of contributory negligence which caused or contributed to cause the injuries of which he complains and that any recovery by plaintiff is either barred or should be reduced in proportion to plaintiff's own negligence.

2. Plaintiff's complaint fails to state a claim for which relief can be granted.

3. Plaintiff, acting by himself or through his agents and attorneys, has failed to mitigate his damages, if any.

4. Plaintiff's alleged injuries were the result of pre-existing conditions or were the result of the natural and normal aging process and were not attributable to any negligence on the part of Defendant.

5. Plaintiff's alleged injuries and damages were caused, in whole or in part, by pre-existing conditions, or other contributory or concurrent conditions or factors, including events prior or subsequent to the occurrence or occurrences made the basis of plaintiff's claim against Defendant.

6. Plaintiff's claims are precluded by federal law or regulations covering the subject matter of Plaintiff's claim which Defendant fully complied with and Defendant has breached no duty to plaintiff.

7. Plaintiff's claims are barred by collateral estoppel.

8. Plaintiff's claims are barred by judicial estoppel.

9. Plaintiff's clams are barred by the doctrine of election of remedies.

10. Plaintiff's claims are barred by laches.

11. Plaintiff's claims are barred by the doctrine of unclean hands.

WHEREFORE, Wisconsin Central Ltd. denies that plaintiff is entitled to any recovery against it whatsoever, and prays that the Court enter judgment on plaintiff's complaint in its favor and against plaintiff with costs to be awarded as appropriate, and to award such further relief as the Court shall deem appropriate.

TRIAL BY JURY DEMANDED.

Dated: September 24, 2013

                                FLETCHER & SIPPEL LLC

                                By:    /s/James D. Helenhouse
                                       Attorney for Defendant
                                       Wisconsin Central Ltd.

Of Counsel:

James D. Helenhouse
FLETCHER & SIPPEL LLC
29 North Wacker Drive, Suite 920
Chicago, Illinois  60606-2832
Telephone:     (312) 252-1500
Facsimile:     (312) 252-2400

**CERTIFICATE OF SERVICE**

        I hereby certify that on the 24th day of September, 2013, I caused a true and correct copy of the foregoing **Answer and Affirmative Defenses of Wisconsin Central Ltd. to Plaintiff's Complaint** to be filed via the United States District Court for the Eastern District of Wisconsin's ECF system, with said system providing notice to the following ECF-registered part(ies):

        Kristen E. Lukaszak, Esq.
        Hoey and Farina
        542 South Dearborn Street, Suite 200
        Chicago, IL 60605
        Counsel for Plaintiff John Ziegler

                                      /s/James D. Helenhouse
                                      Attorney for Wisconsin Central Ltd.