UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN ZIEGLER,

                **Plaintiff,**

      v.                                  Case No. 13-CV-996

WISCONSIN CENTRAL, LTD,

                **Defendant.**

## DECISION AND ORDER

### I.    Procedural History

Plaintiff John Ziegler works as a conductor for defendant Wisconsin Central, Ltd. railroad. (ECF No. 30, ¶ 1.) He alleges that he injured his shoulder on two separate occasions when he attempted to operate railroad switches, the first on December 17, 2010, near Allenton, Wisconsin, and the second on December 29, 2010, in Slinger, Wisconsin. (ECF Nos. 1, ¶¶ 7, 22; 30, ¶¶ 2-3.)

Ziegler filed the present action on September 4, 2013, alleging a claim under the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq.*, for each incident. On November 12, 2014, Wisconsin Central moved for summary judgment. (ECF No. 24.) Ziegler responded (ECF No. 30), and Wisconsin Central replied (ECF Nos. 31, 34, 39). The

motion is ready for resolution. In accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b), all parties consented to a magistrate judge presiding over this action. (ECF No. 33, 35.) Venue is proper under 42 U.S.C. § 56. The court has jurisdiction under 42 U.S.C. § 56 and 28 U.S.C. § 1331.

II.     **Summary Judgment Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if it "might affect the outcome of the suit" and a dispute is "genuine" only if a reasonable finder of fact could accept the non-moving party's position and return a verdict in its favor. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). In resolving a motion for summary judgment, the court is to "construe all evidence and draw all reasonable inferences from that evidence in" favor of the non-movant. *E.Y. v. United States*, 758 F.3d 861, 863 (7th Cir. 2014) (citing *Gil v. Reed*, 535 F.3d 551, 556 (7th Cir. 2008); *Del Raso v. United States*, 244 F.3d 567, 570 (7th Cir. 2001)). The "court may not make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts; these are jobs for a factfinder." *Washington v. Haupert*, 481 F.3d 543, 550 (7th Cir. 2007) (quoting *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003)). To defeat a motion for summary judgment, a nonmoving party must produce admissible evidence sufficient to enable a reasonable

finder of fact to return a verdict in its favor. *Fleishman v. Cont'l Cas. Co.*, 698 F.3d 598, 603 (7th Cir. 2012) (citing *Berry v. Chi. Transit Auth.*, 618 F.3d 688, 690-91 (7th Cir. 2010)).

III. Analysis

The Federal Employers' Liability Act (FELA) "provides that 'every common carrier by railroad…shall be liable in damages to any person suffering injury while he is employed by such carrier…for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier.'" *Conrail v. Gottshall*, 512 U.S. 532, 542 (1994) (quoting 45 U.S.C. § 51). "The intent of the FELA is to provide broad remedial measures for railroad employees." *Green v. CSX Transp., Inc.*, 414 F.3d 758, 765 (7th Cir. 2005). However, "the Act did not make the employer an insurer. The liability which it imposed was the liability for negligence." *Myers v. Illinois Central Railroad Co.*, 629 F.3d 639, 642 (7th Cir. 2010). As such, the Act requires that a plaintiff prove all the elements of a negligence claim against his employer, *Brown v. Burlington Northern Santa Fe Ry.*, 765 F.3d 765, 771 (7th Cir. 2014), specifically, "duty, breach, foreseeability, and causation." *Green*, 414 F.3d at 766. But courts liberally construe the statute to further its humanitarian purposes, and as such a FELA claim is judged according to a relaxed standard of causation whereby a plaintiff need prove only that the defendant's negligence played some role, even the slightest role, in producing the plaintiff's injury. *Brown*, 765 F.3d at 771 (citing *Conrail,* 512 U.S. at 543).

Ziegler contends that Wisconsin Central was negligent because it:

(1) failed to train Ziegler in how to remove snow and ice from switches; (2) failed to provide Ziegler with adequate tools to remove snow and ice from switches; (3) failed to clear the snow and ice from the Allenton switch after snowing stopped the previous day; (4) failed to properly repair the Allenton switch for winter by lowering the ballast (crushed rock between the railroad ties) so that ballast, snow and ice would not interfere with the moving parts of the switch; and (5) failed to correct problems with the alignment of the Allenton switch--despite monthly reports that this switch did not function properly because it was regularly out of alignment.

(ECF No. 29 at 10.)

Wisconsin Central argues that to prove negligence Ziegler must offer the testimony of an expert witness to establish the appropriate duty of care with respect to switch maintenance and operation and to establish that Wisconsin Central breached that duty. Ziegler responds with two arguments. First, he contends that, given his experience as a railroad employee, he is "qualified to provide expert opinions on the applicable standards of care in the railroad industry and on Wisconsin Central's breaches of these standards." (ECF No. 29 at 11.) But, as Wisconsin Central points out, Ziegler never designated himself as an expert under Federal Rule of Civil Procedure 26(a)(2)(A) or provided a report as required under Rule 26(a)(2)(B). Although a plaintiff may testify as his own expert, *Tagatz v. Marquette University*, 861 F.2d 1040, 1042 (7th Cir. 1988), Rule 26(a)(2)(A) is clear that a party must disclose "*any* witness" who will testify as an expert; there is no exception for a plaintiff who will testify as an expert on his own behalf. Moreover, experts, including a party, must generally submit a report,

4

one important purpose of which is to provide the opposing party with notice of the scope of the expert opinion that will be provided at trial and the basis for that opinion. *See, e.g.*, *Ordon v. Karpie*, 223 F.R.D. 33, 35 (D. Conn. 2004) (citing Advisory Committee Notes to 1993 Amendments to Rule 26, paragraph (2)). Ziegler offers no argument that he should not be required to comply with that obligation.

Moreover, despite Ziegler's experience as a railroad employee, he has produced no evidence that he possesses any particular knowledge, skill, experience, training, or education relevant to the standard of care at issue in this case. In fact, in response to Wisconsin Central's summary judgment motion, Ziegler submitted an affidavit in which he expressly states that he has no training on how to clean out switches, on how to maintain switches, or on how to perform winter maintenance on switches. (ECF No. 30-4, ¶¶ 2-4). Given those admissions, Ziegler cannot be heard to claim that he is qualified as an expert regarding the industry standard of care for the maintenance of railroad switches.

Alternatively, Ziegler argues that he does not need an expert witness because Wisconsin Central, by violating Federal Railroad Administration safety regulations and its own standards, was negligent per se. (ECF No. 29 at 12-14 (citing *CSX Transp., Inc. v. McBride*, 131 S. Ct. 2630, 2643, n. 12 (2011)).) He identifies four regulations that he contends Wisconsin Central violated: 49 C.F.R. §§ 213.103(c) and (d), and 213.135(b) and

(e). (Ziegler does not actually cite § 213.135(b) but quotes language from that section.) (ECF No. 29 at 13.)

Wisconsin Central does not dispute that the violation of a safety regulation may constitute negligence per se but argues that an expert is still required to explain and interpret those regulations. (ECF No. 31 at 7-8.) On that point Wisconsin Central is incorrect. "The meaning of federal regulations is not a question of fact, to be resolved by the jury after a battle of experts. It is a question of law, to be resolved by the court." *Bammerlin v. Navistar Int'l Transp. Corp.*, 30 F.3d 898, 900 (7th Cir. 1994); *see also United States v. Caputo*, 517 F.3d 935, 942 (7th Cir. 2008) ("The 'expert' would have testified about the meaning of the statute and regulations. That's a subject for the court, not for testimonial experts. The only legal expert in a federal courtroom is the judge.") (citation omitted); *Haager v. Chicago Rail Link, L.L.C.*, 232 F.R.D. 289, 294-95 (N.D. Ill. 2005). Thus, not only is an expert witness not required to explain and interpret federal regulations, but such testimony consistently has been excluded under Rule 702. *CDX Liquidating Trust v. Venrock Assocs.*, 2009 U.S. Dist. LEXIS 63546, 29 (N.D. Ill. 2009).

Wisconsin Central alternatively argues that Ziegler's negligence per se theory cannot proceed because it was not alleged in the complaint. (ECF No. 31 at 8-9.) Specifically, Wisconsin Central asked Ziegler in an interrogatory to identify "each federal and state statute, government regulation, policy or standard which [he] claims defendant violated with respect to the incident which is the subject of [his] complaint."

6

(ECF No. 32-4 at 5.) Ziegler responded: "Objection, calls for a legal conclusion. Without waiving said objection, see Complaint." (ECF No. 32-4 at 5.) But the only statute, regulation, policy, or standard referenced in the complaint is the FELA, generally. (ECF No. 1.) Neither Ziegler's complaint nor his discovery response refers to the federal regulations he now cites in response to Wisconsin Central's summary judgment motion.

Similarly, when Wisconsin Central asked Ziegler to identify how Wisconsin Central was allegedly negligent, Ziegler again responded simply, "See Complaint." (ECF No. 32-4 at 6.) But, again, the complaint offers absolutely no suggestion that Ziegler was alleging that Wisconsin Central was negligent per se for failing to comply with any particular federal regulation.

Ziegler also argues that he can establish negligence per se based upon Wisconsin Central's own internal policies. (ECF No. 29 at 13.) Although potentially relevant in determining the standard of care, failure to comply with an internal policy, standing alone, does not establish negligence per se. *Hananburgh v. Metro-North Commuter R.R.*, 2015 U.S. Dist. LEXIS 34008, 16-17 (S.D.N.Y. Mar. 18, 2015) (discussing cases). An internal policy might reflect an organization's effort to hold itself to a standard of care greater than that necessary for a finding of negligence. Without evidence that Wisconsin Central's internal policies reflect the applicable standard of care, Ziegler cannot establish negligence per se simply based upon Wisconsin Central's alleged failure to comply with its internal policies.

If Ziegler intended to allege that Wisconsin Central was negligent per se for its failure to comply with federal regulations or with its internal policies, both of the interrogatories put to him plainly called for him to so indicate. Having failed to do so, and instead merely referring Wisconsin Central to see the complaint, Ziegler is limited to what is contained in his complaint. The complaint is devoid of any hint that Ziegler might rely upon a breach of federal regulations or internal policies to establish that Wisconsin Central was negligent per se. Consequently, Ziegler cannot now be heard to claim that he is proceeding on a negligence per se theory.

Therefore, the court shall grant Wisconsin Central's motion for summary judgment.

**IT IS THEREFORE ORDERED** that Wisconsin Central's motion for summary judgment (ECF No. 24) is **granted** and the complaint and this action are hereby dismissed. The Clerk shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 27th day of April, 2015.

WILLIAM E. DUFFIN
U.S. Magistrate Judge